IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL SELLITO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-00814 |
| METROPARK USA, INC., *et al* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael Sellito ("Plaintiff" or "Sellito") brought this employment discrimination action against Metropark USA, Inc. ("Metropark") and individually-named Defendants Artemio Guerrero ("Guerrero"), Jennifer Sarkisian ("Sarkisian"), Erika Gonzales ("Gonzales") and Lance Hutchinson ("Hutchinson"). Specifically, Sellito alleges retaliation (Count I) and wrongful discharge (Count II) in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and of 42 U.S.C. § 1981. On October 7, 2011, following a hearing on the record and pursuant to a Letter Order (ECF No. 30) issued by this Court, the case was STAYED as to Defendant Metropark and DISMISSED as to Defendants Gonzales and Hutchinson. This Court also DISMISSED Count II as to the individually-named Defendants Guerrero, Sarkisian, Gonzales and Hutchinson.

Pending before this Court is Defendant Jennifer Sarkisian's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 16) pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Also pending is Defendant Artemio Guerrero's Motion to Dismiss

1

(ECF No. 34).[1]  The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant Sarkisian's Motion to Dismiss (ECF No. 16) is GRANTED and this case is dismissed as to her. Defendant Guerrero's Motion to Dismiss (ECF No. 34) is DENIED with respect to the retaliation claim under 42 U.S.C. § 1981 but is GRANTED as to the Title VII claim.

## BACKGROUND

Defendant Metropark USA, Inc. ("Metropark") is a private corporation incorporated in the State of Delaware and with its principal place of business in the State of California. Pl.'s Compl. ¶2, ECF No. 1.  At all times relevant to the Complaint, Metropark operated two retail stores in the State of Maryland.  *Id.*  On July 16, 2007, Plaintiff Michael Sellito ("Plaintiff" or "Sellito") began working as a Store Manager for Metropark in the retail store located at the Towson Town Center in Towson, Maryland.  *Id.* ¶¶ 8, 16.  Defendant Guerrero was the Metropark District Manager for Plaintiff's district and therefore his direct supervisor. *Id.* ¶ 9.  In January of 2008, Defendant Sarkisian became a Regional Manager for Metropark.  Sarkisian Mot. to Dismiss at 4, ECF No. 16.  In this position, she was the supervisor of five Metropark District Managers who in turn oversaw the operations of approximately fifty Metropark stores throughout the United States.  *Id.* at 4-5.  In other words, from January 2008 on, Sarkisian was Defendant Guerrero's supervisor.  *Id.* at 5; *see also* Pl.'s Compl. ¶ 28.  In ruling on a motion to dismiss, the factual allegations in the

---

[1] Defendant Guerrero filed this motion *pro se* and challenges the veracity of Sellito's allegations and the sufficiency of the proof provided.  Construing this motion broadly and in a light favorable to a *pro se* litigant, this Court will consider this motion as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a *pro se* litigant is held to a "less stringent standard" than a lawyer and his pleadings are "to be liberally construed.").

plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

In his Complaint, Sellito alleges that Defendant Guerrero made discriminatory comments to him from November 2007 to March 2008. Pl.'s Compl. ¶¶ 16-17, 19-20, 22-23, 25-27. Specifically, Plaintiff claims that Guerrero told him to "act like a 'Nazi' and 'Hitler'" with his employees or else he would not be promoted and could even be terminated. *Id.* However, Plaintiff also alleges that from January to March 2008, he received monthly bonuses from Metropark attesting to his good performance as Store Manager. *Id.* ¶ 18, 21, 24. Nevertheless, on March 26, 2008, Plaintiff alleges that Guerrero gave him a score of eighty out of one hundred on a loss prevention audit and told him that if he were "more of a Nazi toward his employees, he would have received a better score." *Id.* ¶ 27.

Plaintiff then claims that on April 17, 2008, he informed both Sarkisian and Guerrero of Guerrero's inappropriate remarks. On the same day, Plaintiff alleges that he filed an initial complaint with the Equal Employment Opportunity Commission ("EEOC") "via email and while still at the Towson Metropark store with" Guerrero and Sarkisian and immediately informed them of having done so. *Id.* ¶¶ 29, 31. As a result, Plaintiff claims that Guerrero and Sarkisian immediately suspended him without giving him a reason. *Id.* ¶¶ 32-33. Subsequently, Plaintiff claims that on April 24, 2008 he received a letter from Metropark terminating his employment for "failure . . . to use ordinary and reasonable care in the performance of his . . . work and work related duties." *Id.* ¶¶ 34-35.

According to Plaintiff, the EEOC's investigation resulted in a finding that Plaintiff was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act

of 1964, as amended.  *Id.* ¶ 36.  Plaintiff allegedly received $10,000 as damages from Metropark as to the hostile work environment claim.  *Id.* ¶ 37.  Plaintiff also alleges that he has since been "unable to secure similar employment and/or salary."  *Id.* ¶ 39.

On March 28, 2011, Plaintiff filed the Complaint in the instant case alleging retaliation (Count I) and wrongful discharge (Count II) in violation of 42 U.S.C. § 1981 and Title VII.  Pursuant to the October 7, 2011 hearing in this case and the corresponding Letter Order (ECF No. 30), Count II is dismissed as to all individual defendants, specifically as to the remaining individually-named defendants Guerrero and Sarkisian.  Letter Order at 2, ECF No. 30.  As a result, while both Counts remain pending as to the corporate Defendant Metropark, only Count I remains pending against both Sarkisian and Guerrero.

<u>STANDARD OF REVIEW</u>

## I.        **Personal Jurisdiction**

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by a preponderance of the evidence.  *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993).  This requires the plaintiff to produce competent evidence to sustain jurisdiction.  *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 235 (D. Md. 1992).  If the court is deciding the issue without a hearing, the plaintiff is only required to make a *prima facie* showing of jurisdiction.  *Mylan*, 2 F.3d at 60.  In considering "all relevant pleading allegations in the light most favorable to the plaintiff," the court must draw all "reasonable inferences" from the proof offered by the parties in the plaintiff's favor.  *Id.* at 60-62.

A federal district court may exercise personal jurisdiction over a nonresident defendant "if two conditions [are] satisfied: (1) the exercise of jurisdiction must be authorized under the state's long arm statute; and (2) the exercise of the jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)); *see also Mackey v. Compass Marketing*, 892 A.2d 479, 486 (Md. 2006). The Court of Appeals of Maryland recently clarified that "[d]etermination of personal jurisdiction is a two-step process. First, the requirements under the long-arm statute must be satisfied, and second, the exercise of personal jurisdiction must comport with due process." *Mackey*, 892 A.2d at 486; *see also id.* at 493 n. 6 (explaining that the court's prior statements that "our statutory inquiry merges with our constitutional examination" does not "mean . . . that it is now permissible to simply dispense with analysis under the long-arm statute."). Thus, a plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 7104 n. 1 (D. Md. 2004).

Due process permits a federal court's jurisdiction over a nonresident defendant where the defendant has "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Two categories of personal jurisdiction have been

recognized by the courts: general jurisdiction and specific jurisdiction. *See e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2848-49 (2011). If the defendant's contacts with the forum state are "continuous and systematic," the district court has general jurisdiction over the non-forum defendant. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–415 (1984). Plaintiff concedes that this Court may not exercise personal jurisdiction over Defendant Sarkisian on the basis of "continuous and systematic" contacts with the State of Maryland.

Where, as here, the contacts are not sufficient to establish general jurisdiction, the plaintiff must establish the existence of specific jurisdiction by demonstrating that: (1) the non-forum defendant purposely directed its activities toward residents of the forum state or purposefully availed itself of the privilege of conducting activities therein; (2) plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, i.e., is consistent with "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *see also Ritz Camera Centers Inc. v. Wentling Camera Shops Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–478 (1985)).

## II.    Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits

of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950; *see also Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

## ANALYSIS

### I.      Sarkisian's Rule 12(b)(2) Motion (ECF No. 16)

Defendant Sarkisian argues that personal jurisdiction is lacking in this case because Plaintiff failed to satisfy his burden in presenting facts sufficient to establish this Court's jurisdiction over her. Specifically, Sarkisian contends that this Court lacks personal jurisdiction over her because she is a resident of California and was only in Maryland on two occasions at all times relevant to the Complaint.

When a non-resident defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court decides the jurisdictional question, and the plaintiff has the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th

Cir. 1993)).  Before a court can exercise personal jurisdiction over a non-resident defendant,

a court must determine that (1) the exercise of jurisdiction is authorized under the state's

long-arm statute pursuant to Federal Rule of Civil Procedure 4(k)(1)(a), and (2) the exercise

of jurisdiction conforms to the Fourteenth Amendment's due process requirements.

*Carefirst*, 334 F.3d at 396; *see also Christian Sci. Bd. Of Dirs. of the First Church of Christ v. Nolan*,

259 F.3d 209, 215 (4th Cir. 2001).  To satisfy the long-arm prong of a personal jurisdiction

analysis, a plaintiff must specifically identify a provision in a Maryland statute that authorizes

jurisdiction.   *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md.

2001).  Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction

in its complaint, a plaintiff alternatively may reference the applicable statute in its response to

a defendant's motion to dismiss.  *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701,

704 n. 1 (D. Md. 2004).  While Plaintiff cites no statutory provision authorizing jurisdiction

over Sarkisian under the Maryland long-arm statute in the Complaint, his Response in

Opposition to Sarkisian's motion relies on Section 6–103(b)(1), which extends personal

jurisdiction to any "person, who directly or *by an agent* . . . [t]ransacts any business . . . in the

State."  Md. Code Ann., Cts. & Jud. Proc. § 6–103(b)(1) (emphasis added).

      Under the second prong of the personal jurisdiction analysis, this Court must

determine whether the exercise of personal jurisdiction would comport with the due process

requirements of the Fourteenth Amendment.  For a non-resident defendant, "due process

requires only that . . . a defendant . . . have certain minimum contacts . . . such that the

maintenance of the suit does not offend traditional notions of fair play and substantial

justice.' "  *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (quoting *\*797 Milliken v. Meyer*, 311

U.S. 457 (1940)).  A determination of what qualifies as "minimum contacts" depends on the number and relationship of a defendant's contacts to the forum state and whether a defendant's alleged act or omission is related to the present cause of action.  The Fourth Circuit "has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there."  *Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997) (citation omitted).

It is firmly established in this district that a corporate officer is not subject to this Court's jurisdiction simply by virtue of his or her corporation's activities in Maryland.  *See, e.g., Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 604 (D. Md. 2008); *Harte-Hanks Direct Mkt. v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004); *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D. Md. 1990); *Quinn v. Bowmar Publ'g Co.,* 445 F. Supp. 780, 785 (D. Md. 1978).  Sarkisian has submitted an affidavit in which she declares that at all times relevant to the Complaint she only traveled to Maryland on two separate occasions.  Sarkisian Decl. ¶¶ 6, 8, ECF No. 6-1.  According to Sarkisian, she first traveled to Maryland immediately after her promotion to Regional Manager to "discuss Plaintiff's poor loss prevention results following the year-end inventory for the Baltimore, Maryland store."  *Id.* ¶ 6.  At no time does Plaintiff mention this meeting.  Second, she states that despite being "seven months pregnant and resistant to travel," she was instructed to return to Baltimore in April of 2008 for the purpose of terminating Plaintiff's employment.  *Id.* ¶ 8.  Sarkisian further declares that she: (1) is not a resident of Maryland and has only been to Maryland five times in the last three years of her employment with Metropark; (2) has not returned to Maryland since the termination of her employment with Metropark on May 6, 2011, (3) does not have

offices or a material presence in Maryland; (4) has never obtained any type of business or personal license, maintained a mailing address, post office box, telephone, bank account, or safe deposit box in Maryland; (5) has never held funds or kept records in Maryland; (6) has never owned or leased any real estate in Maryland; (7) has never paid taxes in Maryland or filed a lawsuit in the state; (8) has never vacationed nor plans on visiting Maryland in the future. *Id.* ¶ 10. These facts are not disputed by Plaintiffs.

For his part, Plaintiff alleges in the Complaint that he was suspended on April 17, 2008, after informing Sarkisian of Guerrero's inappropriate conduct and filing an initial complaint with the Equal Employment Opportunity Commission ("EEOC"). Pl.'s Compl. ¶¶ 28-29, 32. This Court has previously held that "[t]he plaintiff must sustain [his] burden of proof through sworn affidavits or other competent evidence." *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 235 (D. Md. 1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993) (citing *Wessel Co. v. Yoffee & Beitman Management Corp.*, 457 F. Supp. 939, 940 (N. D. Ill. 1978)). "In the event of a dispute between the affidavits offered by the opposing parties, the Court is obligated to resolve the conflict in the light most favorable to plaintiff." *Nichols*, 783 F. Supp. at 235-36. However, Plaintiff has not submitted any affidavits in this case. Consequently, based on the allegations in the Complaint and Sarkisian's uncontested affidavit, there is no basis for this Court to conclude that Sarkisian should be subjected to this Court's jurisdiction in her *individual* capacity because she "[t]ransact[ed] any business or perform[ed] any character of work or service in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1). Any business activity conducted within Maryland was done through Metropark, and was not part of any personal action taken by Sarkisian individually. As such, this Court lacks personal

jurisdiction over Defendant Sarkisian and her Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (ECF No. 16) is GRANTED. Accordingly, Plaintiff's Complaint against Defendant Sarkisian is DISMISSED WITH PREJUDICE.

## II.   Guerrero's Motion to Dismiss (ECF No. 34)

Defendant Guerrero filed this Motion to Dismiss *pro se* and contends that Plaintiff's allegations against him are untruthful. Specifically, Guerrero argues that Plaintiff failed to provide sufficient proof as to times and locations where Guerrero would have uttered the alleged discriminatory remarks. While Guerrero does not identify the specific Federal Rule of Civil Procedure pursuant to which he seeks dismissal, based on the stage of the proceedings and his arguments, this Court will treat his motion as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As stated previously, only Count I of the Complaint remains alleged against Defendant Guerrero. Based on its title, Count I alleges retaliation in violation of 42 U.S.C. § 1981 against Metropark and, by inclusion of the "Statement of Facts," against Guerrero. Pl.'s Compl. ¶ 40. Additionally, Plaintiff also appears to include a claim of retaliation in violation of Title VII in Count I. Pl.'s Compl. ¶ 50.

It is well-established that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). In *Lissau,* the Fourth Circuit held that only an employer may be held liable for Title VII violations, and that individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.* at 181. Accordingly, supervisors cannot be held

individually liable under Title VII.   As such, Defendant Guerrero is not individually liable under Title VII for the alleged wrongful conduct against Plaintiff.

"Individual supervisors also cannot be liable under § 1981 unless they intentionally cause [an employer] to infringe the rights secured by [that] section."  *Luy v. Baltimore Police Dept.*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) (internal quotations omitted).   Thus, individuals may be liable under Section 1981 when they 'authorize, direct, or participate in' a discriminatory act." *Atkins v. Winchester Homes*, CCB-06-278, 2007 WL 269083, at *9 (D. Md. Jan. 17, 2007) (quoting *Manuel v. Int'l Harvester Co.*, 502 F. Supp. 45, 50 (N.D. Ill. 1980)). Hence, while individual liability for supervisors exists under 42 U.S.C. § 1981, it only applies where the act or omission resulting in the infringement of rights was intentionally caused by the supervisor and where the Plaintiff makes an affirmative showing of that fact.  Because Guerrero allegedly directed and participated in the discriminatory acts against Plaintiff, he can be individually liable under 42 U.S.C. § 1981.

In order to proceed individually against Guerrero under 42 U.S.C. § 1981, Plaintiff must establish the elements of a *prima facie* case for retaliation.[2]  *See Luy*, 326 F. Supp. 2d at 688-89.   Where the record contains no direct evidence of discrimination or retaliation, plaintiff's claims must be analyzed under the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973).  *See Hawkins v. Pepsico, Inc.,* 203 F.3d 274, 281 n. 1 (4th Cir. 2000) (noting that the "*McDonnell Douglas* framework applicable to

---

[2] This Court has held that "[t]he opinions of the U.S. Court of Appeals for the Fourth Circuit . . . clearly establish that the Title VII and Section 1981 analysis for retaliation are the same."  *Wang v. Metro. Life Ins. Co.*, 334 F.Supp.2d 853, 869 (D. Md. 2004) (internal citations omitted); *see also James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (establishing that the Title VII and Section 1981 analysis are the same in a race discrimination claim).  Bayview does not appear to challenge whether Wingate has established a *prima facie* case of retaliation.

claims of race discrimination applies to retaliation claims as well) (citing *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998)).

Under this framework, the plaintiff must first make out a *prima facie* case of retaliation. If a *prima facie* case is established, the burden of production shifts to the defendant to offer a legitimate, non-discriminatory reason for its adverse employment action. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996). If the employer fulfills this reciprocal duty, the burden reverts back to the plaintiff to establish that the defendant's proffered reason is pretextual and that his termination was instead racially motivated. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993). As a result, in order to establish a *prima facie* case of retaliation under 42 U.S.C. § 1981, the plaintiff must show (1) that he engaged in a protected activity, (2) that his employer took a "materially" adverse action against him and (3) that a causal connection existed between the activity and the adverse action. *Cepada v. Bd. of Educ. of Baltimore Cnty.*, WDQ-10-0537, 2011 WL 1636405, at *9 (D. Md. Apr. 28, 2011) (*citing Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F. 3d 536, 543 (4th Cir. 2003)).

In the Complaint, Plaintiff alleges that he informed the regional supervisor, Defendant Sarkisian, of Guerrero's discriminatory comments. Plaintiff also alleges that he filed an initial claim with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff further alleges that on the same day upon informing Guerrero and Sarkisian that he had filed said EEOC claim, he was suspended. Plaintiff finally alleges that a couple of days later, on April 24, 2008, he received a letter from Metropark terminating his employment. Based on these allegations, Plaintiff has satisfied the *prima facie* case requirements of a

retaliation claim under 42 U.S.C. § 1981. Consequently, Defendant Guerrero's Motion to Dismiss (ECF No. 34) for failure to state a claim is DENIED with respect to the retaliation claim under 42 U.S.C. § 1981 but GRANTED as to the Title VII claim.

<u>CONCLUSION</u>

Defendant Sarkisian's Motion to Dismiss (ECF No. 16) is GRANTED. Plaintiff's Complaint against Defendant Sarkisian is DISMISSED WITH PREJUDICE. Additionally, Defendant Guerrero's Motion to Dismiss (ECF No. 34) is DENIED with respect to the retaliation claim under 42 U.S.C. § 1981 but GRANTED as to the Title VII claim. Accordingly, Counts I and II remain pending against the corporate Defendant Metropark and the retaliation claim under 42 U.S.C. § 1981 in Count I remains pending against Defendant Guerrero.

A separate Order follows.


Dated:        April 19, 2012              /s/_____
                                          Richard D. Bennett
                                          United States District Judge